Next case for argument Liebzeit v. Intercity State Bank, Mr. Schultz. Good morning, Your Honors, and may it please the Court. My name is Christopher Schultz, and I'm appearing on behalf of the Trustee in Bankruptcy. Mr. Michael Dubas will be presenting the rebuttal portion of our argument this morning. Your Honors, this case boils down to a simple mistake made by the lender, Intercity State Bank. In this case, the debtors in bankruptcy sold their real property on a land contract prior to filing their bankruptcy, and prior to Intercity State Bank taking a mortgage on that same piece of real estate. Now, when the debtors went in to sign their loan documents, the bank was aware that the property had been sold on a land contract. The bank knew that the debtors had sold the property. And in Wisconsin, a land contract vendor, upon signing a land contract to sell his property, gives up his right to encumber the real estate with a mortgage. But it retains a personal interest that can be mortgaged, correct? It can be given as collateral for a loan, yes. It wouldn't be technically mortgaged. It would be given as collateral. You would record the documents in the land records, correct? No, the documents... Isn't that what Judge Shapiro held in the Hebner case some years ago? The documents, I don't believe so, Judge. The documents that would secure a collateral assignment of a land contract would be recorded in the land records, yes. But it's a personal interest in the stream of payments coming in that the vendor retains. And that would also be recorded or, I guess, filed with the Department of Financial Institutions and UCC filing. I thought that was exactly what Judge Shapiro said was not necessary, because it would be basically crazy to have to require... To do it twice. ...lenders to search those filings to see if there is such a lien on real estate or on the equitable, on the legal title that the vendor holds pending the completion of the sale. That is correct, Your Honor. So let me ask you if I could, counsel. You relied very heavily on our decision last year in Duckworth. Yes, Your Honor. In that case, we emphasized the importance of the ability of third parties to rely on the contents of publicly recorded documents, right? Yes. So here, at the time of the bankruptcy filing, if a potential buyer or lender, the person with the status that the trustee has at the time of the filing, had checked the public records, they would have found that the Blanchards were the owners of the title of the property, correct? Yes. And they would also have seen that their title was subject to a mortgage, correct? Yes. So there was really no risk of error that a new lender would step in without being aware of those interests. A new lender or a bona fide purchaser of real estate, no, but the trustees proceeding here under 544A1 is a judgment lien creditor. He's standing in the shoes of somebody who holds a judgment against the Blanchards, and what he wants to execute on is the income stream coming into the Blanchards on a monthly basis pursuant to the land contract. So in this case, looking at the documents on record, he would see, okay, the Blanchards own this real estate, and okay, this real estate has been mortgaged, but he would have nothing to tell him that he wouldn't be able to execute on the money coming into the Blanchards. And in Wisconsin, we have a case community, State Bank against O'Neill, in which the Court of Appeals in Wisconsin held that a real estate mortgage, without something more, without something to indicate the intent of the parties to mortgage or pledge the vendor's interest, can't serve as a lien on the personal property interest, which is the interest in the stream of payments coming in. So a third party coming in after the fact, a third party judgment creditor, would see, yes, there's a mortgage, but he would see nothing to tell him that the payments coming into the debtors have been attached by anybody. He would assume that his judgment could be executed against those payments. What are you complaining about exactly? Your Honor, the trustee is trying to obtain the payments coming in made pursuant to the land contract. Just make it simpler. Now, so you're representing... The trustee in bankruptcy. Okay, and what is the trustee complaining about? The trustee is complaining about the two courts below reforming the bank's real estate mortgage so as to give the bank a lien on the personal property interests of the debtors in the money coming in pursuant to the land contract. So both courts below looked at the bank's real estate mortgage and said, well, the debtors didn't own the property when they gave the real estate mortgage. Clearly, your mortgage isn't an encumbrance on the land itself, on the real estate, but we will grant you a lien on the personal property interest that the debtors have. What do you mean they're not the owners of the land? Of course they are, right? I'm sorry, did I misspeak about that, Judge? The Blanchards are the owners of the land. They're the holders of title. At least they were until a few months ago. I will apologize. Yes, I did misspeak. The Blanchards don't have the ability to encumber the land. So the mortgage is not a lien on the real estate. Both courts below construed the mortgage, or I should say reformed the mortgage instead, to make it into a lien on the personal property interest. Well, the bankruptcy court didn't think it was reforming. The bankruptcy court didn't think it was reforming, that's true. Would you agree that the Blanchards' interest here would sort of magically transform back into an interest in the real estate itself if the Hoffmans had breached the sale of the contract? The Blanchards would have the ability to foreclose on their land contract and the ability to pursue the recovery of that real estate as one of their options if the Hoffmans breached the land contract. And so their interest would legally become an interest in the real estate again, where they would have not only legal title but possession, equitable title, the whole nine yards. That would happen upon the confirmation and the completion, I guess, of the foreclosure of the land contract. So why wasn't the bankruptcy court right, in essence, to recognize this doctrine of equitable conversion as a fancy name for saying we're going to stick with the substance of this? Well, because, as I said earlier, I think a subsequent judgment lien holder, which the trustee is, coming in would have no notice that the stream of payments is encumbered in any way. A subsequent judgment lien holder would see that there's a mortgage and would see a mortgage on real estate, but would have no interest. He's not aware of this land contract? Is that what you're saying? Whether the judgment lien holder would be aware of the land contract or not, on its face the mortgage is unambiguous and only references a lien on the real estate. It doesn't say anything about encumbering any stream of payments coming into the debtor. Well, what does the trustee think when he learns about the land contract? Well, the trustee finds out about the land contract and, based upon the community state bank case, would say, okay, perhaps that mortgage isn't valid, but that's not really an issue for me. I'm not a party to whether or not the mortgage is a valid lien on the real estate. I'm interested in the money coming into the debtors in the same way that the trustee would be interested in money coming into the debtors pursuant to an annuity or any other revenue stream that the debtors would have. So the trustee looks and he sees there's a mortgage, and the trustee says perhaps there's a land contract and maybe that mortgage isn't valid because the debtors had already sold the property. But what the trustee is really trying to get after here is the stream of payments. Okay. Well, thank you, Mr. Schultz. Thank you. Ms. Ruffey, Mr. Schultz, or Ms. Ruffey? Good morning, Your Honors. May it please the Court? I'm Sarah Ruffey, and I represent InterCity State Bank, the secured creditor here. To kind of cut through the chase and get to the nuts and bolts of the case, this is a situation where Troy and Heather Jo Blanchard approached InterCity State Bank and wanted $142,000 to convert a construction loan to a conventional loan for a property located in Edgar, Wisconsin. The Blanchards represented the property as being a rental. On their application, they indicated it was a rental. They produced a rent roll. They also produced copies of two checks, one of which from the Hoffmans, one of which indicated it was rent, and they produced a copy of a lease between the Blanchards and the Hoffmans. What they did not produce was a copy of the land contract that was dated the same day as the lease. Ms. Ruffey, it sounds like you're trying to argue with the bankruptcy court about whether the bank made a mistake. Isn't it clear that it did? Ms. Knopf knew about the land contract, acknowledged that in her e-mails, and then tries to slough it off as saying, we thought these sellers were just mistaken and unsophisticated. Actually, Your Honor, I don't believe the bank made a mistake based upon Ms. Knopf's 20 years' worth of banking experience. And as lawyers, I've had clients come in and be mistaken in terms of legal words that they've used to describe what they have. Of course, but she was alerted that there was a sale contract, correct? She was told that they sold it on a land contract, but the Blanchards produced a lease. And that agreement indicated, if I recall correctly, that it depended in essence upon the validity of the sale contract, didn't it? It referred to that sale contract. But if you look at a lease and a land contract, they have two entirely different interests in the real estate. And she didn't run it to ground, correct? I'm sorry? She did not run the discrepancy to ground before issuing the loan, correct? No, I don't believe that is correct. What they did do after the email that said issue, which incidentally that email references the property being sold on a land contract, but it also goes in to say these are the items that we need for closing, including a filing fee to record an assignment of leases and rents based upon the lease. But after that lease, we got a check indicating it was rent. We had an appraisal done indicating that it was a fee simple owned by the Hoffmans, and we had a title insurance policy or a title insurance commitment that indicated that. Owned in fee simple by the Hoffmans? By the Blanchards, Your Honor. You just said the Hoffmans. Oh, I'm sorry. The bank has been very confused in this transaction. Supposing that the bank knew that there was a land contract? Because there is some evidence that she thought there was a contract. There was a comment made by a borrower with no documentation to support it. She writes it down in her report, right? The banker. In an internal email to somebody. Yeah, well, internal or external, she writes it down. She's aware that there's a land contract. Now, does that matter? Do you have an argument that even if the bank knew there was a land contract, it doesn't matter because they thought the purchasers under the land contract would pay and that money would be available to the bank? Had the bank known in reality that there was a land contract, had they received a copy of that land contract, they would have done one of two things. One, they would have denied the loan altogether. What was one? One, they would have denied the loan, not even given the Blanchards the money. Number two would have been to take a mortgage against the property and have Mr. and Mrs. Blanchard sign it and Mr. and Mrs. Hoffman sign it so that they had everybody that had an ownership interest in that property, whether legal or equitable. They also would have taken an assignment of the land contract to capture that stream of payments. So why wasn't that done? Because based on the documents, the bank reasonably believed that it was a rental situation, that their borrower was confused, and so to capture the stream of payments. That position was rejected by both the bankruptcy court and the district court, correct? Well, actually, Your Honor. As to whether the bank made a mistake. It was the bankruptcy court said that the bank should have gone out to the property and Edgar knocked on the door and asked who the owner was. Right. We did not appeal that decision because we had actually reached an agreement with the Hoffmans. But look, what Ms. Knopf said, at some point Mr. Blanchard must have mentioned that they sold the property on a land contract because I included a comment that this property is sold on a land contract that will be paid off by August 31st, 2015. That's not indicating a possibility that there's a land contract. She's saying there is a land contract. Your Honor, though, based on all of the information that the borrower provided to the bank. The land contract is filed in a registry, isn't it? No, it is not recorded. It is an unrecorded land contract. So why doesn't she go to them, go to the Blanchards, and say, was this sold? Do you have a land contract? Have you issued a land contract? She did ask for all of the documents Well, did she speak to the Blanchards and say, was there, is there a land contract? She asked the Blanchards for a copy of all of the documents. You're not answering my question. I don't know, Your Honor. Did she ask the Blanchards, is there a land contract? I don't know if she specifically asked if there was a land contract. Well, that's pretty irresponsible, isn't it? Well, she asked a blanket statement for all of the documents that they have regarding the transaction. Ms. Ruffin, I'm not quite sure I understand legally why you were fighting on this issue. Let's assume Ms. Knopf made a mistake. Okay? Okay. Do you lose or do you win, and tell me why? I think I still win, Your Honor, because there was, we believe, fraudulent conduct on behalf of the Blanchards. Wait a minute. No. Okay, even if Forget that option. That is not getting anywhere given the disclosures that are evident in your own client's records. If the bank made a mistake and titled the collateral the wrong thing, the title to the property was held in the Blanchards' name, the way to secure the interest in that property in the real estate is through a mortgage. The way to secure an interest in the cash flow, the income stream from that property, if it's a land contract, is through an assignment of the land contract. If it's a rental, it's through an assignment of the leases, the rents and leases. The trustee needs, as a judicial lien holder, a hypothetical judicial lien holder, would take subject to whatever is of record. And what is of record is the bank's mortgage and assignment of leases and rents. Now, that's where the reformation would come in, Your Honor, that a document can be reformed if there's either a mutual mistake or if there's a unilateral mistake with some corresponding fraud, as long as there's not an intervening third party. The fact that we have recorded documents to perfect our security interest does not give the trustee an unencumbered asset that it concedes. And because of that, we still win. The court in equity can give the bank what it bargained for. It bargained for an interest in the real estate and an interest in the income stream. Well, do you make any argument that the bank, by making the loan, somehow became a beneficiary of the land contract? I believe the bank... So the land contract was going to be paid and the property transferred by August 31st. Now, when that happened and the bank has a mortgage on the property... It would, Your Honor, because in the land contract, it indicates that the final payoff on that land contract is the payoff to the bank. And once the bank has paid off, it would satisfy its mortgage. Okay, but that's saying that... Well, I mean, that is a possible reason why Knopf wasn't bothered by the land contract, isn't it? If the bank was going to get this payment on August 31st, then fine, isn't that what you're saying? What I'm saying is the bank is going to get paid off in full before it satisfies its mortgage, and the land contract gets paid off for the Hoffmans to get their entire interest in the property by paying the bank's balance. So the bank isn't hurt by the land contract. Is that what you're saying? Correct. The bank is still entitled to be repaid its loan, and it's still entitled to the collateral securing that loan. You didn't actually ask either the bankruptcy court or the district court to reform the mortgage, did you? We did not. Do you think it's necessary? I don't believe it's necessary to reform the mortgage. I believe if anything needs to be reformed, it would be the assignment of leases and rents to correctly categorize the stream of payments as an assignment of land contract. And is the assignment of leases or rents recorded with the land records for the county? It is, Your Honor. It was recorded right after the mortgage. Okay. Well, thank you, Ms. Ruffey. Thank you, Your Honor. Mr. Schultz or Mr. Dubas? Good morning. One thing, I'll make it real quick. The assignment of leases was recorded, but Exhibit A was absent. In other words, the property was done. You have to stand in front of the microphone. The real estate description was absent from the assignment of lease if you look at the exhibit. When I first took this case, Your Honor, I was asked by the trustee to represent them. What struck me right away was you can't mortgage that which you don't own. At the time of the mortgage, the Blanchards, the debtors, did not own the real estate. They had already sold it on land contract. The bank was aware of the land contract. Both Judge Kelly found that, and very important, the law of the case is exactly that since the bank never appealed that part of the decision. In other words, the bank never appealed the fact that the land contract trumps the mortgage. So we've got a land contract out there, and we've got a mortgage. We have a trustee in bankruptcy. This is not Homestead property. The trustee comes in and asks for the money for the land contract payments. Judge Kelly somehow changes the mortgage into a lien on personal property, Judge Randolph being the land contract payments. Why do you call that personal property? That is personality, Your Honor. Land contract payments are personality. The real estate is owned by the Venn D in Wisconsin, and I cited the cases on that in my brief. In Wisconsin, contrary to probably Illinois, when you sell on land contract, the Venn D is really the owner of the property. The vendor has bare legal title to grant the deed once it's paid off. But for all practical purposes, and the cases are cited in the brief, the Venn D is the owner. But isn't the mortgage on the land? Can't the bank seize the land if it isn't? No, because it was given by a person that didn't own the land. When the mortgage was given, Your Honor, by the Blanchards, they had previously already sold the property to the Hoffmans, and the bank was aware of it. So Mr. Leveson comes in and says, I'm entitled to the land contract payments. The bankruptcy court says, we're going to give a lien to the bank. The district court, by the way, no appeal from that decision. No appeal on the fact that the land contract supersedes the mortgage. We go into the federal court before Judge Randolph, and he says, well, Judge Kelly was correct, but for a different reason. We're going to reform the mortgages. Is it correct that the land contract isn't recorded? That's correct. Well, I don't understand that. That means you end up with someone who owns land, but it's not recorded. Yeah, but it was sold, Your Honor. I agree. Hey, don't interrupt me. I'm sorry. How does the purchaser under the land contract of land, how does he protect his interest in the land without recording? It's very dangerous. And the reason I think, Your Honor, he did it was because there were debts and various obligations that person owed, and I think that's why it happened. But I have one point that I would like to emphasize, Your Honor. We're not relying, Judge Hamilton, just on Duckworth. If you look at State Bank versus Holton in Wisconsin, there it also says clearly that an innocent third party or a judgment creditor, such as a trustee, you cannot reform a mortgage on that type of creditor. In other words, the only way the bank can win, the only way, is by reformation. And we have cited cases indicating it can't be reformed, and even if reformation were considered, this is a unilateral mistake of law. The bank chose the forms to use. The bank used the mortgage instead of an assignment. The bank prepared the documents. To argue this is a lease is ridiculous. There is a $30,000 down payment made by the Hoffmans, which is in the record. Also, Your Honor. Okay. You'll have to stop. I'm sorry. Thank you. Thank you very much. Thank you. Always.